(73 Misc. Rep. 212.)

PEOPLE v. REICHMAN.

(Supreme Court, Special Term, New York County. July, 1911.)

CRIMINAL LAW (§ 1073*)—APPEAL—CERTIFICATE OF REASONABLE DOUBT.

Where a person indicted for crime is subpœnaed before the grand jury, and questioned as to a transaction connected with the charge on which the indictment against him was based, and, after he refuses to answer on the ground that his answers might tend to incriminate him, he is taken before a justice of the Supreme Court who directs him to answer the questions which he then did, his conviction is of such doubtful validity that a certificate of reasonable doubt will be granted; his rights having been preserved by proper motions, objections, and exceptions.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2730; Dec. Dig. § 1073.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

Joseph B. Reichman was convicted of crime, and applies for certificate of reasonable doubt. Granted.

Chas. S. Whitman, Dist. Atty., Wm. M. Ivins, Jas. A. Delehanty and John Kirkland Clark, for the People.

Stephen C. Baldwin, John B. Stanchfield, W. G. Keir, for defendant.

PAGE, J. This is an application for a certificate of reasonable doubt pending an appeal.

It appears that, after Reichman was indicted, he was subpœnaed to appear before the grand jury as a witness in People v. Hyde, and interrogated as to one of the transactions that had entered into the charge upon which he had been indicted. Reichman declined to answer any of the questions other than the formal ones, on the ground that the answers might tend to incriminate him. He was thereupon taken before a justice of this court; the questions were read; Reichman claimed the same privilege, but he was directed to answer. He thereupon returned to the grand jury room and answered the questions.

The district attorney does not justify, as indeed it is hard to see how he could, this startling innovation in criminal practice, but claims that Reichman should have persisted in his objection, been committed for contempt of court, and then applied for a writ of habeas corpus, and having answered, even under compulsion, that he lost his privilege—that, when the evidence is secured, the court is not interested in the manner by which it is obtained. I do not so view the question. There are certain constitutional protections thrown around those accused of crime that prosecuting officers are constantly striving to circumvent and destroy. If the practice adopted in this case is to be sanctioned, the district attorney practically secures the right to an examination of the defendant before trial, without even the protection afforded by the presence of counsel, when indicted for a crime for which, or some element of which, a criminal charge could be made against a third person. The defendant, by various motions, objections, and exceptions, has reserved the right to present this matter to the appellate court, and I feel that he should have the right to do so.

I have not considered the various other specifications of error assigned by the defendant, for the reason that I am of opinion that this violation of the defendant's constitutional rights is of sufficient importance to require a submission of the appeal to the Appellate Division; and, as the sentence was for a term of 4½ months, and the Appellate Division is now in recess and will not reassemble until the term of imprisonment will practically have expired, the defendant would be deprived of a hearing on the appeal if this certificate were not given.

Motion granted.